(No.. 29—Claim denied.)

RALPH H. TUTTLE, BY GEORGE TUTTLE, HIS FATHER AND NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 15, 1924.*

RESPONDEAT SUPERIOR—*when State not liable.* The State is not liable for the negligence of its employees.

GOVERNMENTAL FUNCTION—*hard road—construction of.* The State in the construction of its Hard Roads exercises a governmental function and is not liable for the negligence or torts of its employees in its construction.

HARLINGTON WOOD AND MILES GRAY, for claimant.

EDWARD J. BRUNDAGE, Attorney General; FLOYD E. BRITTON, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE CLARITY delivered the opinion of the court:

This is a claim brought for personal injuries sustained by claimant while riding in an automobile on July 18, 1922, on what is known as the Peoria Road north of Springfield. It appears from the declaration of claimant that while he was riding in the car driven by another person, the car collided with a concrete mixer and barricade forming an obstruction over a portion of the highway while a bridge was being repaired by the agents of the defendant.

. The claimant sets up and offers evidence to sustain such contention that they were driving along said road at a moderate speed; that the lights on their car were dimmed and in consequence before they struck the obstacles they were unable to observe same on account of the failure of the defendants' agents to maintain lights on such obstruction.

The defendant coming into court alleges that there were lights burning and offers evidence to sustain such contention.

The defendant also comes and files demurrer setting up in such demurrer the following contentions:

*First:* That the doctrine of *respondeat superior* is not applicable to the State;

*Second:* That in the absence of statute, the State is not liable for the torts of its officers, agents or employees;

*Third:* That in constructing, owning, maintaining and operating the concrete mixer complained of, the State was and is exercising a governmental function and is not liable for the torts of its agents in that behalf.

It is the opinion of the court that the demurrer should be sustained as we believe that as the law now stands there can be no construction placed upon our laws that would cause the court to consider this action as a legal liability.

It is however urged by the claimant that the doctrine of equity and good conscience should be applied. It is the opinion of this court that this rule should not be invoked in this particular case because in the first instance it does not appear to the court that the legislature intended to have it so considered. As a matter of fact if the legislature intended that this court should be the medium through which the State becomes liable, for this class of cases, then the legislature should so specifically state. It is the opinion of the court that it is without the province of this court to indulge in presumptions. The court is aware of the fact the State has now under way a great hard road building program through which a great multitude of actions, will naturally arise through personal injuries and otherwise. Of this situation the legislature was fully advised. Yet no law was made by that body to alter, vary or contradict the principles announced and set forth in the demurrer filed herein by the defendant.

It is further the opinion of the court that there is a matter of controversy as disclosed by the evidence filed herein as to whether or not the proper care was exercised by the claimant or the driver. It would seem to the court that the car must have been driven at a rather violent speed to run 150 feet after striking such a heavy obstacle as the cement mixer and barricade. Of course the mixer might have been near the embankment, yet it would seem that it would require considerable impact to have turned it as the evidence disclosed.

Therefore for the reasons stated this court is of the opinion that the State is not liable either as a matter of law or under the rule of equity and social justice. The claim is therefore disallowed.